IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID TYRONE HALE, #124974, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 2:06-CV-912-WKW |
| v. | ) | |
| | ) | |
| LAUNDRY MANAGER PERKINS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER
## And
## SPECIAL REPORT

Defendants Richard F. Allen and Ralph Perkins file this their Answer and Special

Report as directed by the Court.

## ANSWER

The Defendants assert the following defenses to the Plaintiff's claims:

1.  The Defendants deny each and every material allegation contained in the

    Plaintiff's Complaint and demand strict proof thereof.

2.  The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.  The Defendants cannot be held liable on the basis of *respondeat superior*, agency,

    or vicarious liability theories.

4.  The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

5.  The allegations contained in the Plaintiff's Complaint against the Defendants, fail

    to comply with the heightened specificity requirement of Rule 8 in § 1983 cases

against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham,*_ 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Education Of Escambia County,* 880 F. 2d 305, 309 (11th Cir. 1989).

6.  The Defendants plead all applicable immunities, including but not limited to sovereign, qualified, absolute, discretionary function, state agent, and statutory law enforcement officer immunity.

7.  All claims of the Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

8.  The Defendants plead the affirmative defense of contributory negligence and assumption of the risk.

9.  The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e (a) and as such these claims should be dismissed.

10. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

11. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

12. Pursuant to 28 U.S.C. § 1915 A, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

PLAINTIFF'S ALLEGATIONS

Plaintiff sues defendants alleging violations of his Eighth Amendment rights. He claims that defendants showed "callous disregard" for his constitutional rights which resulted in plaintiff breaking his arm inside a laundry dryer on "July 7, 2006".

Plaintiff claims that "Laundry Manager Perkins ordered" him to open up a dryer while it was running, to check on the dryness of sheets. Inmate Hale then alleges that he opened the dryer door and stuck his arm inside the dryer while it was running. His arm became entangled in the tumbling sheets resulting in a broken arm.

Inmate Hale claims that he was not trained in the operation of an industrial dryer.

EVIDENTIARY SUBMISSIONS<br>IN SUPPORT OF RESPONDENT'S MOTION

Defendants offer the following affidavits:

1.  Commissioner Richard F. Allen (Exhibit A)

2.  Willie J. Thomas, COI, certifying the Incident Report and medical forms. (Exhibit B)

3.  Laundry Manager Ralph Perkins, with the Incident Report signed by Clara Summerlin on July 6, 2006.  (Exhibit C)

INVESTIGATION RESULTS

It is significant to note that Plaintiff is firm in his claim that the incident occurred on July 7, 2006, and that defendant Perkins specifically ordered him (Hale) to open the dryer door and stick his arm in the dryer.

Why significant? Because it is undisputed that the incident actually occurred on **July 6, 2006, and that defendant Perkins was not even at work that day.**

Clara Sumerlin, a female, **was** on duty and working in the laundry on July 6, 2006, and witnessed plaintiff get his arm caught in a dryer. (See Incident Report). According to Ms. Summerlin, she asked Hale if he was okay, and that Hale initially responded by stating, "it hurt a little bit, but I will keep working". Later, around 3:00 PM, Hale told Summerlin that his arm was hurting and she then notified Sgt. Arthur Horton, who sent Hale out for medical treatment.

It is undisputed that Hale stuck his arm inside a running dryer, and got his arm caught in the sheets inside. Inmate Hale's entire complaint is lodged against Ralph Perkins and that it occurred on **July 7, 2006.**

Unfortunately for Mr. Hale, though, the truth of the matter is that Mr. Hale negligently stuck his arm in a dryer on **July 6, 2006**, instead, and that defendant Perkins was not even at work on the day of the accident, which was caused solely by the negligence of the Plaintiff himself.

Defendant Perkins states that all inmates are given proper training and instruction on the safe operation of equipment in the laundry.

Additionally, Mr. Perkins states that all dryers turn off when a door is opened.

## ARGUMENT

### (A) SOVEREIGN IMMUNITY

Plaintiff's federal claims (as well as all state pendente claims) under 42 U.S.C., Section 1983 against these defendants in their official capacity, are barred by the 11th Amendment to the United States Constitution. Therefore, the plaintiff's claims against

these defendants under Section 1983 are due to be dismissed as a matter of law for lack of subject matter jurisdiction. The 11th Amendment to the U.S. Constitution bars the federal court from exercising jurisdiction over states. Ex Parte Young, 209 U.S. 123.

Claims against the State of Alabama and its agencies, officers and agents, under Section 1983, are barred by the 11th Amendment to the United States Constitution. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); see also Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

The 11th Amendment to the Constitution of the United States of America bars any claims, including any and all pendente state law claims, against a state or its officials in the absence of the consent of the state. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 99-100 (1984) (wherein the Supreme Court of the United States held that the 11th Amendment barred any and all state law claims brought in U.S. District Court under pendente jurisdiction, as well as under Section 1983.) The plaintiffs in this case have failed to allege, and he offers no evidence whatsoever that there has been a waiver of the State of Alabama's 11th Amendment immunity in this case. Therefore, plaintiff's claims against these defendants in their official capacity, are all barred for lack of subject matter jurisdiction.

The State of Alabama and all of its services must operate through its agencies, officers and employees. The courts are firm in their holdings that state agencies, officers and employees are absolutely immune from tort liability. Rutledge v. Baldwin Co. Commission, 495 So.2d 49 (Ala. 1986).

The State of Alabama, its agencies, officers and employees, in their official capacities and individually, are absolutely immune from suit. These defendants, as

officers, employees and agents of the Alabama Department of Corrections, are entitled to invoke sovereign immunity from suit even though there may be some individual officials named as nominal defendants in the suit.  See <u>Destafney v. University of Alabama</u>, 413 So.2d 391 (Ala. 1981).

(B) Eighth Amendment

Plaintiff has failed to demonstrate facts which rise to the level of a constitutional deprivation.

In order to succeed on a claim that prison working conditions violated the Plaintiff's Eighth Amendment rights, Plaintiff must first prove that conditions were, objectively, sufficiently serious, and that the Defendant acted with sufficiently culpable state of mind so as to constitute deliberate indifference to Plaintiff's health or safety by acting or failing to act despite knowledge of such substantial risk of serious harm. *Stephens v. Johnson* 83 F3d. 198 (8th Cir.1995).

The Supreme Court, in the case of *Wilson v. Seiter*, 501 U.S. 294 (1991) at 301-05, in discussing the "deliberate indifference" standard, stated that prison officials mere negligence does not equal deliberate indifference.

See also *Riccardo v. Rausch*, 375 F.3rd 521, 525-27, which holds that a prison officials' failure to alleviate a significant safety risk did not rise to the level of deliberate indifference. The Riccardo court held that even if a jury could conclude that the official should have known of the risk, "reasonableness" is a negligence standard, and negligence does not give rise to an Eighth Amendment claim.

As to Plaintiff's claim against Commissioner Richard Allen, this claim is based upon the theory of *respondeat superior*, which is unavailable under Section 1983. *Farrow v. West* 320 F3d. 1235 (11thCir.2003).

The Plaintiff does not, with any specificity, allege any actions or inaction on the part of these Defendants which would subject them to liability under 42 U.S.C. Section 1983.

In addition, and perhaps more significantly, the very veracity of Hale's entire claim itself cannot be relied on because the facts clearly reveal that defendant Perkins was not even at work on the day of the incident. While it is entirely plausible that any given person can be mistaken about mere dates of events, it is simply not to believed that a claimant, especially in light of the fact that Plaintiff filed his baseless lawsuit only a few weeks after "the incident", could be "mistaken" about the fact that a female laundry supervisor was the one on duty the day of the incident instead of a male, who was not even there.

Additionally, and in closing, it is no small matter that Mr. Hale has to take some responsibility for his own safety. It goes without saying that it is common knowledge that a person could get hurt if he stuck his arm inside a still moving laundry dryer, and that

the law charges Mr. Hale with such common knowledge, and thus is guilty of

contributory negligence and assumption of the risk.

Respectfully submitted,

KIM T. THOMAS (THO115)
GENERAL COUNSEL

NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

David Tyrone Hale, AIS #124974
Elmore Correctional Facility
P.O. Box 8
Elmore, AL   36025

NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL
ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL   36130
(334)  353-3889

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

DAVID TYRONE HALE, #124974,          )
                                     )
    Plaintiff,                       )
                                     )
vs.                                  )  CIVIL ACTION NO. 2:06-CV-912-WKW
                                     )
LAUNDRY MANAGER PERKINS, et al.,     )
                                     )
    Defendants.                      )

### A F F I D A V I T

STATE OF ALABAMA          X
                          X
MONTGOMERY COUNTY   X

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Richard F. Allen, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Richard F. Allen. I am presently employed as Commissioner of the Alabama Department of Corrections. I am over twenty-one (21) years of age.

I do not know the Plaintiff in this matter and to my knowledge have not had any contact with him. As Commissioner, I do not control the daily operation of Elmore Correctional Facility or other various institutions of the Department, and had no involvement in the alleged incident. Also, as Commissioner, I do not make decisions regarding medical treatment for inmates, and do not attempt to intercede, overrule, or influence any decisions made by medical personnel regarding medical treatment for inmates.

DEFENDANT'S EXHIBIT

A

DAVID TYRONE HALE, #124974 V. LAUNDRY MANAGER PERKINS, ET AL.
CIVIL ACTION NO.    2:06-CV-912-WKW
Page 2


I deny that I have violated the Plaintiffs constitutional rights in any way.


Richard F. Allen
Commissioner


SWORN TO AND SUBSCRIBED before me this 14th day of November, 2006.


NOTARY PUBLIC
MY COMMISSION EXPIRES

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DAVID TYRONE HALE, 124974,          :

   Plaintiff,                       :

       v.                       :  Civil Action No. 2:06-CV-912-WKW

LAUNDRY MANAGER PERKINS, et al.,     :

Defendants.                          :

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared Willie J. Thomas, who being known to me and being by me first

duly sworn, deposes and says:

My name is Willie J. Thomas. I am currently employed with the Alabama Department of

Corrections as a Warden III at Elmore Correctional Facility in Elmore, Alabama. I am over

twenty-one (21) years of age.

I am responsible for the entire operation of Elmore Correctional Facility, including the

proper maintenance of all inmates' institutional files.

I hereby certify the documents attached to this affidavit to be true and correct copies of

documents on file in inmate David Tyrone Hale's (124974) institutional file as of the date of

signing this affidavit. These documents are Incident Report ECC 06-1008, Special Needs

Communication Form dated July 6, 2006, Receipt of Medical Equipment/Appliance Form dated

July 6, 2006, Special Needs Communication Form dated July 11, 2006, and Special Needs

Communication Form dated July 14, 2006.

_Willie J. Thomas_

WILLIE J. THOMAS



1

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the

27th _____ day of October, 2006.

Diane G. Sutherland
NOTARY PUBLIC

My Commission expires _2/3/07_____

7.17.06
*[handwritten]*

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution:<br>**Elmore Correctional Center** | 2. Date:<br>**7/6/06** | 3. Time:<br>**3:00 pm** | 4. Incident Number:<br>**ECC 06-1008** | Class Code: |
|---|---|---|---|---|
| 5. Location Where Incident Occurred:<br>**Elmore Laundry** | | 6. Type of Incident:<br>**Alleged Inmate Personal Injury** | | |
| 7. Time Incident Reported:<br>**3:00 pm** | | 8. Who Received Report:<br>**Sgt. Arthur Horton** | | |

| 9. Victims: | Name | | AIS |
|---|---|---|---|
| a. | **Hale, David** | No. | **B/124974** |
| b. | | No. | |
| c. | | No. | |

| 10. Suspects: | Name | | AIS | | 11. Witnesses: | Name | | AIS |
|---|---|---|---|---|---|---|---|---|
| a. | **N/A** | No. | | | a. | **N/A** | No. | |
| b. | | No. | | | b. | | No. | |
| c. | | No. | | | c. | | No. | |
| d. | | No. | | | d. | | No. | |
| e. | | No. | | | e. | | No. | |
| | | | | | f. | | No. | |
| | | | | | g. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

**N/A**

13. Description of Evidence:

**N/A**

14. Chain of Evidence:

a  **N/A**
b
c
d
e

15. Narrative Summary:

On July 6, 2006, at approximately 1:45 pm, inmate David Hale, B/124974 was checking the dryer when his arm got caught up in a bundle of clothes. Mrs. Clara Summerlin, LMI, asked inmate Hale was he okay. Inmate Hale stated, "It hurt a little bit, but I'll continue to work." At approximately 3:00 pm, inmate Hale complained to Mrs. Summerlin that his arm was hurting worse. Mrs. Summerlin then notified Sgt. Arthur Horton. Inmate Hale was sent to the backgate for medical reasons. (See attached body chart). No further action taken at this time.

*Clara Summerlin LMI*
Clara Summerlin, LMI

Distribution:   ORIGINAL AND ONE (1) COPY to Central I & I Division          COPY to Deputy Commissioner of Operations (Class A and B ONLY)<br>COPY to Institutional File          COPY to Central Records Office

2

ADOC Form 302-A – June 1, 2005



**EMERGENCY**

| ADMISSION DATE 7/6/06 | TIME 21:30 AM/PM | ORIGINATING FACILITY ECC ☐ SIR ☐ PDL ☐ ESCAPEE ☐ _____ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

| ALLERGIES NKA | CONDITION ON ADMISSION ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

VITAL SIGNS: TEMP. 99.3 ORAL/RECTAL    O2-98%    RESP. 30    PULSE 58    B/P 130/88    RECHECK IF SYSTOLIC <100> 50

NATURE OF INJURY OR ILLNESS

S- states stuck hand in dryer. sheet began to wrapped around wrist + began to get tighter + tighter. Tried to pull self free from the sheet can other inmate tried to pull man free + he turn to his left + He calls when he heard a bone pop.

Scale 1-10 rates pain "10" states pain is from wrist to elbow + when tries he tries to turn B that R the pain goes to the shoulder.

PHYSICAL EXAMINATION

O-AAOX3. Resp even + unlabored. Skin w/ ↓ to touch. Swelling noted around wrist. Capillary returns < 3sec. c/o pain from wrist to elbow.

A- Alteration in comfort

P- MD to Review

| ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| Give Motrin 800mg PO NOW VO per Dr. Peasant | 4:32pm | Gur... |
| ® Toradol 60 IM | | Amy... 7/6/00 |
| ® O arm sling | | |

DIAGNOSIS

INSTRUCTIONS TO PATIENT

| DISCHARGE DATE | TIME AM PM | RELEASE / TRANSFERRED TO ☐ DOC ☐ AMBULANCE | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE D. Parker, LPN | DATE 7/6/06 | PHYSICIAN'S SIGNATURE ___ | DATE 7/6/06 | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) Hale, David | DOC# 124974 | DOB 11-17-59 | R/S B/m | FAC. ECC |
|---|---|---|---|---|

PHS MD 70007



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# SPECIAL NEEDS COMMUNICATION FORM

**Date:** 7/6/06

**To:** Elmore

**From:** SACU

**Inmate Name:** Hale David          **ID#:** 124974

The following action is recommended for medical reasons:

1.  House in _____

2.  Medical Isolation _____

3.  Work restrictions _____

4.  May have extra _____ until _____

5.  Other _____

**Comments:**

No use of left arm X 7day

Bottom Bunk Profile X 4 wks

_____

_____

**Date:** 7/6/06   **MD Signature:** Peasant / AH Smith   **Time:** 932p

60418



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

### DEPARTMENT OF CORRECTIONS

## RECEIPT OF MEDICAL EQUIPMENT/APPLIANCE FORM

I, _Hall David_____    _124974_____
(Print Name)                                              (Doc#)

acknowledge receipt of the following medical equipment or appliance:

( ✓ )   Splint

( )   Eyeglasses

( )   Dentures

( )   Prothesis        describe _Arm Sling_____

( )   Wheelchair

( )   Cane

( )   Crutches

( ✓ )   Other        describe _____

9-1  Lacknowledge that the equipment/appliance is functional for my use.

I also acknowledge the equipment/appliance is in good working condition.


_David I Hale_____        _7/6/06_____
(Inmate)                                (Date)

_Mullican RN_____        _7/6/06_____
(Witness)                              (Date)


| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Hall David | 124974 | 11-17-59 | B/m | EC |

PHS-MD-70005                    **(White – Medical File, Yellow – Security Property Officer)**



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# SPECIAL NEEDS COMMUNICATION FORM

**Date:** 07/11/06

**To:** DOC

**From:** HCU Dr. Peasant

**Inmate Name:** Hale, David    **ID#:** 124974

**The following action is recommended for medical reasons:**

1. House in _____

2. Medical Isolation _____

3. Work restrictions _____

4. May have extra _____ until _____

(5.) Other HCU on 07/12/06 before 0700 to be

**Comments:** EXAMINE & Evaluation For Possible
X-Ray

_____

_____

_____

**Date:** 07/11/06  **MD Signature:** B Howard CRNP  **Time:** 1720

60418



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# SPECIAL NEEDS COMMUNICATION FORM

**Date:** 7/14/06

**To:** Elmore

**From:** SHCCU

**Inmate Name:** Hale David          **ID#:** 124974

**The following action is recommended for medical reasons:**

1.   House in _____

2.   Medical Isolation _____

3.   Work restrictions _____

4.   May have extra _____ until _____

5.   Other _____

**Comments:**

Bottom Bunk Profile X 60 days

No use of (L) arm X 30 days

(L) arm Sling X 30 days

**Date:** 7/14/06   **MD Signature:** Pearson / RH Smith   **Time:** 8 Am

60418

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DAVID TYRONE HALE, 124974,

  Plaintiff,

    v.

LAUNDRY MANAGER PERKINS, et al.,

Defendants.

: Civil Action No. 2:06-CV-912-WKW

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared Ralph Perkins, who being known to me and being by me first

duly sworn, deposes and says:

My name is Ralph Perkins. I am currently employed with the Alabama Department of

Corrections as a Laundry Manager II at Elmore Correctional Facility in Elmore, Alabama. I am

over twenty-one (21) years of age.

Inmate Hale was not injured on July 7, 2006. He was injured on July 6, 2006 at

approximately 1:45 p.m. I had finished my shift and signed out of the institution by that time.

Laundry Manager I Clara Summerlin was in charge of the Laundry at the time inmate Hale was

injured. The incident report Mrs. Summerlin prepared on this incident is attached. It shows that

inmate Hale said at approximately 1:45 p.m. that he could keep working. He continued to work

until approximately 3:00 p.m. when he reported his arm was hurting worse, at which time Mrs.

Summerlin notified a Shift Commander.

I do not deny that inmate Hale was injured. I deny that I compelled him to stick his arm in a

moving/operating clothes dryer because I was not on duty at the time he was injured.



1

I deny that inmate Hale had not been trained or instructed on the safety or proper operation of the dryer. At various times I train and instruct the inmates assigned to the Laundry on the safety precautions they are expected to adhere to while working in the Laundry. The inmates assigned to the Laundry are instructed to wait until the dryer tub stops turning before checking the laundry in the dryer. Additionally, a dryer automatically shuts off when its door is opened.

I am not trained in the medical profession and cannot affirm or deny that inmate Hale received proper medical treatment at the Staton Health Care Unit.

RALPH PERKINS

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the
27th day of October, 2006.

NOTARY PUBLIC

My Commission expires    2/3/07

7-17-06

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: Elmore Correctional Center | 2. Date: 7/6/06 | 3. Time: 3:00 pm | 4. Incident Number: ECC 06-1008 | Class Code: |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: Elmore Laundry | | 6. Type of Incident: Alleged Inmate Personal Injury | | |
| 7. Time Incident Reported: 3:00 pm | | 8. Who Received Report: Sgt. Arthur Horton | | |

9. Victims:            Name                                          AIS

a. Hale, David                         No. B/124974

b. _____                     No. _____

c. _____                     No. _____

| 10. Suspects: Name | AIS | 11. Witnesses: Name | AIS |
|---|---|---|---|
| a. N/A | No. | a. N/A | No. |
| b. | No. | b. | No. |
| c. | No. | c. | No. |
| d. | No. | d. | No. |
| e. | No. | e. | No. |
| | | f. | No. |
| | | g. | No. |

PHYSICAL EVIDENCE:

12. Type of Evidence

N/A

13. Description of Evidence:

N/A

14. Chain of Evidence:

a  N/A

b

c

d

e

15. Narrative Summary:

On July 6, 2006, at approximately 1:45 pm, inmate David Hale, B/124974 was checking the dryer when his arm got caught up in a bundle of clothes. Mrs. Clara Summerlin, LMI, asked inmate Hale was he okay. Inmate Hale stated, "It hurt a little bit, but I'll continue to work." At approximately 3:00 pm, inmate Hale complained to Mrs. Summerlin that his arm was hurting worse. Mrs. Summerlin then notified Sgt. Arthur Horton. Inmate Hale was sent to the backgate for medical reasons. (See attached body chart). No further action taken at this time.

Clara Summerlin, LMI
Clara Summerlin, LMI

Distribution:   ORIGINAL AND ONE (1) COPY to Central I & I Division       COPY to Deputy Commissioner of Operations (Class A and B ONLY)
                COPY to Institutional File                                COPY to Central Records Office

2

ADOC Form 302-A – June 1, 2005

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSION DATE 7/6/06 | TIME 21:30 AM PM | ORIGINATING FACILITY ECC ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

ALLERGIES  NKA

| CONDITION ON ADMISSION ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |

VITAL SIGNS: TEMP. 99.3  O₂ - 98%  ☐ ORAL ☐ RECTAL   RESP. 20   PULSE 58   B/P 130/88   RECHECK IF SYSTOLIC <100> 50

**NATURE OF INJURY OR ILLNESS**

S- States stuck hand in dryer. began to
sheet (was) wrapped around wrist
+ began to get tighter + tighter...
tried to pull self free from the
sheet (another inmate) tried to
pull mates + no turn to his left
+ he calls when he heard a bone
pop
scale 1-10 rates pain "10"
states pain is from wrist to
elbow + when tries he tries to turn
to the (R) the pain goes to the shoulder

**PHYSICAL EXAMINATION**

1- AA0x3. Resp even + unlabored
Skin w/↓ to touch. Swelling noted
around wrist. Capillary returns
<3sec. ¢/o pain (10m wrist to
elbow.

4- Alteration in comfort

P. MD to Review

| | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| Give Motrin 800mg PO NOW VO per Dr Peasant | 4:32pm | |
| ® Toridol 60 m IM ® © arm sling | | 7/6/06 |

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| DISCHARGE DATE | TIME AM PM | RELEASE / TRANSFERRED TO ☐ DOC ☐ AMBULANCE | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|
| NURSE'S SIGNATURE D. Parker, LPN  DATE 7/6/06 | | PHYSICIAN'S SIGNATURE  DATE 7/6/06 | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Hale, David | DOC# 124974 | DOB 11-17-59 | R/S B/m | FAC. ECC |