IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID TYRONE HALE, AIS # 124974, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv912-CSC |
| ) | (WO) |
| ) | |
| LAUNDRY MANAGER PERKINS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

In this 42 U.S.C. § 1983 action, the inmate plaintiff, David Hale ("Hale"), complains that the defendants violated his rights secured by the Eighth Amendment. According to Hale, he was "compelled by Defendant Perkins to stick his arm in a moving/operating clothes dryer, which caused and resulted in a brken (sic) arm." (Compl. at 3). He also alleges that Perkins forced him to continue to work even though his arm was broken. Hale complains that defendant Prison Health Services, Inc. was deliberately indifferent to his serious medical needs because its' doctor did not x-ray his arm for five (5) days. (*Id.*) Finally, although Hale names as a defendant Richard Allen, the Commissioner of the Department of Corrections, he makes no allegations and presents no facts against Allen. Hale seeks compensatory and punitive damages against these defendants. The court has jurisdiction pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Pursuant to the orders of this court, the defendants filed written special reports and supporting evidentiary materials addressing the plaintiff's claims. In accordance with the order entered on November 27, 2006 (doc. # 10), the court deems it appropriate to treat the defendants' special reports as motions for summary judgment. The plaintiff was provided an opportunity to respond to the motions and has done so. Upon consideration of the motions, pleadings, responses and evidentiary material filed in support of and in opposition to the motion, the court concludes that the motions for summary judgment are due to be granted.

## FACTS[1]

Hale was incarcerated at the Elmore Correctional Facility where he worked in the laundry. Defendant Ralph Perkins is one of the managers at the laundry. Hale was injured on July 6, 2006,[2] when he reached into an institutional clothes dryer. Apparently the dryer drum was still turning because sheets wrapped around and injured his arm. Perkins had already completed his shift and left the institution; Clara Summerlin was the laundry manager on duty when Hale injured his arm. (Doc. # 9, Defs' Answer and Special Rep., Ex. B, p.3). Summerlin asked Hale if he was okay. "Inmate Hale stated, "It hurt a little bit, but I'll continue to work." (*Id.*). Approximately 75 minutes later, Hale complained that his arm was hurting. (*Id.*) Summerlin arranged for Hale to be taken to health services. (*Id.*)  At the Staton Correctional Facility health care unit, Dr. John Peasant examined Hale. (Doc. # 8, Def's

---

[1] The court construes the facts in a light most favorable to the non-movant, the plaintiff in this case. *See, e.g. Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

[2] In his complaint, the plaintiff alleges that the incident occurred on July 7, 2006. The defendants' medical records clearly demonstrate that the incident occurred on July 6, 2006. The court will address this discrepancy in its discussion of Hale's claims against Perkins.

Answer and Special Rep., Ex. 2, p. 2). Swelling was noted around the wrist, and Hale complained of pain from his wrist to his elbow. (*Id*. at 35). He could make a fist but could not turn his hand or fist without severe pain in his left shoulder. (*Id.* at 2). Dr. Peasant diagnosed Hale as suffering from a "severe strain with intense pain in his left wrist and arm." (*Id*.). Dr. Peasant gave Hale a pain shot of Torodol; prescribed Motrin 800 mg; and placed his arm in a sling. Hale was also given profiles to not use his left arm for seven days and a bottom bunk for four weeks. (*Id*.).

On July 10, 2006, Hale reported to sick call complaining that the pain medicine was not working. On July 11, 2006, Hale was evaluated, and it was noted that he was unable to make a fist, his range of motion was poor, and his left elbow and hand were swollen. Hale requested that the arm be x-rayed.

On July 13, 2006, Hale was transported to a free world facility for an x-ray. The x-ray revealed that Hale's arm was fractured. Dr. Chung, a free-world orthopaedic surgeon, treated Hale by placing his arm in a cast. The cast was removed in October 2006.

Hale filed this action on October 10, 2006.

## DISCUSSION

### A. Standard of Review

To survive the defendants' properly supported motions for summary judgment, the plaintiff is required to produce some evidence to support his constitutional claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A

3

plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex,* 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). The record in this case demonstrates that the plaintiff has failed to establish that there is any genuine issue as to any material fact sufficient to avert judgment in favor of the defendants.

### B. Medical Defendant

Prison Health Services, Inc.(PHS) asserts that the claims against it are due to be dismissed because Hale has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). PHS maintains and the

4

undisputed evidentiary material demonstrates that, with respect to the claims against it, Hale has failed to exhaust the administrative remedies available to him through PHS's grievance procedure. (Doc. # 8, *Def's Special Rep.,* at 8).

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Jones v. Bock,* ___ U.S. ___, 127 S.Ct. 910, 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). *See also Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the plaintiff is required by the PLRA to *properly* exhaust his claims. *Woodford v Ngo*, ___ U.S.___, 126 S.Ct. 2378, 2387 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules

5

because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." *Id*. at 2386. Thus, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 2384.

It is undisputed that PHS has a grievance procedure and that Hale has not availed himself of it. The undisputed evidentiary materials submitted by PHS demonstrates that Hale failed to file a grievance challenging the medical treatment about which he now complains. In his response to Prison Health Services' special report, Hale does not dispute this defendant's affirmative defense that he has failed to exhaust an available administrative remedy. The court therefore concludes that Hale's failure to exhaust an administrative remedy provided by the medical defendant requires dismissal of his claims against it challenging the medical treatment provided to him. *Jones*, ___ U.S. at ___, 127 S.Ct. at 923; *Woodford*, ___ U.S. at ___, 126 S.Ct. at 2383; *Porter*, 534 U.S. at 524; *Booth*, 532 U.S. at 739.

However, the PLRA does not require dismissal of the entire complaint when the plaintiff has failed to exhaust some, but not all, of his claims. *Jones*, ___ U.S. at ___, 127 S.Ct. at 924. Thus, the court turns to the plaintiff's remaining claims against the other defendants.

### C. Defendant Perkins

The plaintiff complains that defendant Perkins was deliberately indifferent to his health and safety because Perkins ordered him to check the sheets in the dryer. A prison official may be held liable under the eighth amendment for acting with "deliberate indifference" to inmate

6

health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Under this standard, to survive summary judgment on this claim, the plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation. *See LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). Mere negligent failure to protect an inmate from injury does not justify liability under section 1983. *Davidson v. Cannon*, 474 U.S. 344 (1986). Prison officials must have been deliberately indifferent to a known danger before it can be said that their failure to act offended "evolving standards of decency," thereby rising to the level of a constitutional tort. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir. 1984). The known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a prison officer's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989).

This case is before the court on Perkins' motion for summary judgment. In his response, Hale asserts that Perkins "told me to put my hand in that dryer..." (Doc. # 13 at 1). However, Hale's response to the defendant's motion for summary judgment is unsworn and, thus, is not consistent with FED. R. CIV. P 56(e). Consequently, his response in opposition to Perkins' special report is insufficient to create a genuine issue of material fact sufficient to preclude summary judgment.

To prevail against a defendant, Hale must show that the defendant was involved in acts or omissions that resulted in the constitutional deprivation. *Hale v. Tallapoosa County*, 50

F.3d 1579 (11th Cir. 1995). The language of § 1983 plainly requires proof of an affirmative causal connection between the actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 990 (11th Cir. 1995). The undisputed evidence demonstrates that Perkins was not at the institution when Hale injured his arm. Thus, Hale has failed to present any admissible evidence that Perkins was involved in the incident that resulted in the alleged constitutional violation. No evidence shows that Perkins told Hale to put his arm in an operating dryer. *See* FED. R. CIV. P. 56(e).

Indeed, Hale has failed to produce any evidence that any person at the laundry told him to reach into a working dryer to check the sheets. In his complaint, Hale asserts that Perkins "compelled this Plaintiff, by direct order, to open the industrial dryer door, while in operation, to check if the institutional bed sheets were dry enough to remove." (Compl. at 3).

But this mere allegation is not sufficient at this point. When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial. *Brown, supra*. The plaintiff has failed to produce evidence which would establish that Perkins was deliberately indifferent to his safety.[3] Even assuming Perkins at some point told Hale to check on the sheets, Hale has failed to come forward with any evidence that Perkins knew that by giving Hale that directive, Hale would disregard his own safety by putting his arm in a dryer while

---

[3] Even if the court were to assume that Perkins was negligent in the manner in which he directed Hale to check on the status of the sheets, mere negligence is insufficient to violate the Constitution. *See generally Estelle v. Gamble*, 429 U.S. 97 (1976) and *Davidson v. Cannon*, 474 U.S. 344 (1986).

the drum was still spinning. Moreover, Perkins' directing Hale to open a dryer to check whether clothes are dry is decidedly not the same as telling him to stick his arm into a operational dryer. Simply put, Hale has presented no evidence that Perkins knew Hale faced as a substantial risk of serious harm and disregarded that risk. *Farmer, supra.*

Hale also argues that Perkins was deliberately indifferent to his serious medical needs by requiring him to complete his shift after he injured his arm.[4] Even though the undisputed evidence shows that another correctional official was present, the court will address this claim. To prevail on his Eighth Amendment claim against any correctional official, Hale must show at a minimum that the official acted with deliberate indifference.[5] *Estelle*, *supra*; *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). Deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those medical needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

The "seriousness" of an inmate's medical needs also may be decided by

---

[4] Notwithstanding the court's conclusion that Hale has failed to come forward with any admissible evidence that Perkins was present at the time Hale was injured, even if the court were to assume that Perkins compelled Hale to continue working, Hale is still entitled to no relief.

[5] Because the court concludes that Hale has failed to demonstrate that Perkins was deliberately indifferent, to the extent that his complaint can be construed as raising a claim that Perkins failed to properly train him on how to operate the institutional dryer, this claim also fails. A "failure to train" claim rises to the level of a cognizable claim under § 1983 "when the failure to train amounts to deliberate indifference to the rights" of the plaintiff. *See Williams v. Limestone County, Ala.*, 198 Fed. Appx. 893, 896 (11th Cir. 2006). *See generally City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

> reference to the effect of delay in treatment. . . . An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Further, we have held that "the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994) . . . Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.

*Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1189-89 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

The medical records filed in this case demonstrate without dispute that the plaintiff received medical care for his arm. Hale was examined by a physician who concluded that Hale had a severe strain. Hale was given a pain shot and prescribed Motrin. He was given a sling for his arm. After five days, Hale was referred to an orthopaedic surgeon for an x-ray and treatment. Although the plaintiff argues that the doctor should have x-rayed his arm on the day he injured it, he presents no evidence that the failure to x-ray the arm created a substantial risk to his health. Moreover, even if that failure was malpractice, that is not a constitutional violation. *Estelle, supra*.

More to the point, however, Hale presents no evidence that any correctional official acted with deliberate indifference to his medical need. Hale complains that he was required to complete his shift before he was transported to Staton for medical treatment. Although Hale complains that he was forced to continue working, the undisputed evidence demonstrates that (1) Perkins was not present when Hale injured himself, and (2) Hale told Summerlin that he

would continue to work. Therefore, it is clear that the plaintiff has failed to establish a genuine issue about deliberate indifference on the part of Perkins with respect to the claims against him.

Insofar as Hale's complaint can be construed as challenging Summerlin's failure to send him for treatment, he is entitled to no relief on this basis either. Hale has not sued Summerlin. More importantly, however, if Dr. Peasant failed to recognize that Hale's arm was broken, it follows that Summerlin, as a lay person, could not be faulted for failing to recognize it either. When Hale told Summerlin that his arm was hurting, Hale was transported to the infirmary. Hale is entitled no relief.

### D.  Commissioner Allen

Although Hale names the Commissioner of the Alabama Department of Corrections as a defendant, he offers no facts to support a claim against the Commissioner. To survive the motion for summary judgment, Hale must present evidence creating a genuine issue of material fact. Although a *pro se* plaintiff, Hale is not absolved of his duty to provide the court with specific facts showing that there is a genuine issue for trial. *Brown*, 906 F.2d at 670. Hale has presented no evidence and makes no argument against the Commissioner either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated the plaintiff's constitutional rights.[6]  *See Hill*, 40 F.3d at 1192.

> [Supervisory] liability under  section 1983 must be based on something more
> than a theory of respondeat superior.  Supervisory liability occurs either when

---

[6] Supervisory personnel cannot be held liable under § 1983 for the actions of their subordinates under a theory of respondeat superior. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. *Cross v. Alabama Dep't. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1508 (11th Cir. 1995) (quoting *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990)); *accord Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) ([A] supervisor may be held liable under section 1983 if the supervisor had personal involvement in the constitutional deprivation or if a sufficient causal connection exists between the supervisors conduct and the constitutional violation.).

*Dolihite v. Maughon by and through Videon*, 74 F.3d 1027, 1052 (11th Cir. 1996).

Hale makes no assertion at all against defendant Allen. Accordingly, the motion for summary judgment with respect to Hale's claims against Commissioner Allen is due to be granted.

## CONCLUSION

Accordingly, it is

ORDERED that the defendants' motions for summary judgment be and are hereby GRANTED.

A separate final judgment will be entered.

Done this 16th day of March, 2007.

                                          /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE